UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD NEYLAND, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1773 |
| SHERIFF SUSAN HUTSON, ET AL. | * | SECTION "B" (2) |

## ORDER AND REASONS

Pending before me is the Motion for Sanctions and Contempt filed by Plaintiffs Richard Neyland and Cole Neyland against Defendant Sheriff Susan Hutson. ECF No. 92. Defendant Hutson filed an Opposition Memorandum. ECF No. 94. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.  **BACKGROUND**

Plaintiffs filed suit against various defendants seeking damage relating to the death of Chad Neyland after a fall from the second story mezzanine while in custody of the Orleans Parish Sheriff's Office at the Orleans Parish Justice Center. ECF No. 1. Plaintiffs filed two motions to compel after Defendant Hutson failed to respond to interrogatories and requests for production served on August 15, 2024, and August 30, 2024. ECF Nos. 77, 78. On November 6, 2024, this Court granted in part the motions and ordered Defendant Hutson to provide written responses to both sets of discovery requests and to produce responsive documents or state specific objections to same within 14 days. ECF No. 84. Nine days after this Order, on November 15, 2024,

1

Defendant Wellpath, LLC filed a notice of bankruptcy, after which Judge Lemelle stayed the case. ECF Nos. 85, 86. A year later, on October 28, 2025, Defendant Wellpath notified the Court that the bankruptcy stay had been lifted, and Judge Lemelle lifted the stay in this case on November 6, 2025. ECF Nos. 87, 88.

Plaintiffs filed this Motion for Sanctions and Contempt against Sheriff Hutson seeking sanctions and a contempt finding for Defendant Hutson's failure to provide written responses to discovery and produce documents or state objections to same within 14 days of the November 6, 2024. ECF No. 92-1 at 5-6. Sheriff Hutson opposes the motion, asserting that, after the stay was lifted, she provided written responses to discovery and produced 64 pages of documents on Decembre 15, 2025, and she notified Plaintiffs that the IT Department was restoring shared drives and files that contain additional information, and those document will be provided as soon as access is restored. ECF No. 94 at 1-2. Sheriff Hutson asks that her responses and steps taken to restore documents that were not readily available demonstrate her good faith efforts to comply. *Id.* at 2.

## II.     APPLICABLE LAW AND ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Information need not be admissible into evidence to be discoverable. *Id.* Rather, the information merely needs to be proportional and relevant to any claim or defense. *Id.*

A party served with written discovery must fully answer each request to the full extent that

2

it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[1]  Likewise, a party must provide full and complete written responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P. 34(b)(2)(A).  For each request, the respondent must state with specificity the grounds for objection, including the reason, and either produce the documents or specify a date certain by which the documents will be produced.  *Id.* at 34(b)(2)(B).[2]  When the production must occur in stages, the response should specify the beginning and end dates of the production.[3]

This matter is not as straightforward as Plaintiffs suggest.  Although my Order compelled responses by November 20, 2024, before expiration of that deadline, Defendant Wellpath filed a Notice of Bankruptcy which led to Judge Lemelle issuing a stay of this case.  After the stay was lifted on November 6, 2025, by email dated November 19, 2025, Plaintiffs requested their outstanding responses.  ECF No. 92-7 at 3.  On December 3, 2025, Defendant Hutson indicated responses would be delivered by December 21, 2025, but Plaintiffs objected and demanded responses by December 12, 2025.  ECF No. 92-8 at 1.  On December 15, 2025, Defendant Hutson appeared to have delivered written responses to the First Set of Requests for Production along with medical records and indicated responses to the second set would be forthcoming.  *Id.* at 2.

---

[1] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[2] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.  *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[3] FED. R. CIV. P. 34(b)(2)(B) advisory committee notes to 2015 amendments.

The record does not reflect that Defendant Hutson has responded to Plaintiff's second set of production. Although Defendant's Opposition indicates that its IT Department is still restoring shared drives that may contain information, it provides no timeline of when documents will be produced.

In light of the timing of my Order in relation to the notice of bankruptcy and subsequent stay of this matter, sanctions and a contempt finding are not appropriate in this case. Plaintiffs are, however, entitled to written responses to the outstanding Second Set of Requests for Production as well as a date certain, within a reasonable time, within which the responsive documents will be produced.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion for Sanctions and Contempt be characterized as a Motion to Compel and is GRANTED IN PART AND DENIED IN PART. No sanctions or contempt will be ordered, but Defendant Sheriff Susan Hutson is ORDERED to deliver written responses to the Second Set of Requests for Production within 14 days and to either include all responsive documents with the written responses or provide a date certain, within a reasonable time, by which responsive documents will be produced, as required by Rule 34. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING CONTEMPT.

New Orleans, Louisiana, this ___21st___ day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE