UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD NEYLAND, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1773 |
| SHERIFF SUSAN HUTSON, ET AL. | * | SECTION "B" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Richard Neyland's Motion for Attorneys' Fees. ECF No. 109. Defendant Sheriff Susan Hutson failed to file an Opposition Memorandum. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Attorneys' Fees is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

On April 15, 2026, the undersigned granted in part Plaintiff Richard Neyland's Fourth Motion to Compel Discovery Responses but denied sanctions. *See* ECF Nos. 107, 110. A hearing was held on April 15, 2026, during which this Court granted the motion in part, ordering ESI discovery, and awarded Plaintiff reasonable fees and costs contingent upon submission of an appropriate motion with supporting documentation. *See* ECF No. 107. Plaintiff filed this Motion for Attorneys' Fees seeking to recover $2,966.67 in attorneys' fees. ECF No. 109. Plaintiff contends he reached this figure using the lodestar method and *Johnson* factors. *See* ECF No. 109-1. Defendant Sheriff Susan Hutson failed to file an Opposition Memorandum.

1

**II.    APPLICABLE LAW AND ANALYSIS**

**A.  The Lodestar Method**

Federal courts typically use the "lodestar method" as a guide to determine attorneys' fee awards,[1] which provides "an objective basis to make an initial estimate of the value of a lawyer's services."[2]  Under the lodestar method, "the number of hours reasonably spent on the case [is multiplied] by an appropriate hourly rate in the community for such work."[3]  The reasonable hourly rate is based on the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community.[4]  The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees, and it must provide adequate documentation of the hours expended and demonstrate the use of billing judgement.[5]  The party opposing the attorneys' fees requested bears the burden of showing that a reduction is warranted and should provide an adequate basis of why and how the fees are unreasonable in the case.[6]

Once the lodestar has been determined, the court must consider the weight and applicability of the twelve *Johnson* factors.[7]  If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar.[8]  "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[9]

---

[1] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

[2]  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *superseded by statute on other grounds,* Prison Litigation Reform Act, 42 U.S.C. § 1997e.

[3] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

[4] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

[5] *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (per curiam) (citations omitted).

[6] *Id*. at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989) ("[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified.")).

[7] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-94 (1989); *see Watkins*, 7 F.3d at 457 (citations omitted).  The twelve factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

[8] *Watkins*, 7 F.3d at 457 (citation omitted).

[9] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).

The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[10]

### B. <u>Lodestar Calculation</u>

#### 1. Reasonable Hourly Rate

In determining the reasonable hourly rate, the court is not bound by the amount charged by the attorney.[11] Rather, the "appropriate hourly rate . . . is the market rate in the community for th[e] work."[12] The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[13] Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[14]

Plaintiff seeks to recover an hourly rate of $400 for 7.82 hours of work completed by attorney John Adcock. *See* ECF No. 109-1 at 5. Plaintiff submits an affidavit of another practitioner attesting to the reasonableness of the rate. ECF No. 109-4. If the hourly rate sought is not opposed, it is *prima facie* reasonable.[15] Defendant did not oppose Plaintiffs' motion, and thus, the hourly rate of $400 is deemed *prima facie* reasonable. The Court, however, expressly notes that it makes no determination of whether the hourly charged rate is reasonable within the community.

---

[10] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

[11] *Village Shopping Ctr. P'ship v. Kimble Dev. LLC*, 287 So. 3d 882, 886 (La. App. 5 Cir. 2019); *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 2013) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 2004)).

[12] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984))); *Kellstrom*, 50 F.3d at 328 ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").

[13] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).

[14] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F. Supp. 2d 279 (E.D. La. 2008).

[15] *Kellstrom*, 50 F.3d at 328 (citation omitted); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (Engelhardt, J.) (citation omitted) (holding that attorney's requested hourly rate is *prima facie* reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).

### 2.  Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[16]  Only work of a legal nature is compensable.[17]  Travel time is allowed at 50% of the hourly rate in the absence of documentation that any legal work was accomplished during travel time.[18]

The party seeking fees must also demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[19]  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[20]  The burden is on the party seeking the fee award to prove that they exercised billing judgment.[21]  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[22]  As an alternative to a percentage reduction, the court may exclude hours that were not reasonably expended

---

[16] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)); *see also Hensley*, 461 U.S. at 433 (stating party seeking fees bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[17] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989).

[18] *See, e.g.*, *Watkins*, 7 F.3d at 459 (citing *Shirley v. Chrysler First, Inc.,* 763 F. Supp. 856, 858, 861 (N.D. Miss. 1991) (compensating travel time at a lesser rate)); *Shirley*, 763 F. Supp. at 861 (citing *Catchings v. City of Crystal Springs,* 626 F. Supp. 987, 989–90 (S.D. Miss. 1986) (allowing $75.00 per hour for legal work and $37.50 per hour for travel time and disallowing ministerial work); *Kirksey v. Danks,* 608 F. Supp. 1448, 1456, 1459 (S.D. Miss. 1985) (allowing $100.00 per hour for legal services and $50.00 per hour for travel time)).

[19] *Walker*, 99 F.3d at 770.

[20] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) (citation omitted), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[21] *Walker*, 99 F.3d at 770 (citation omitted).

[22] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'" (citing *Saizan*, 448 F.3d at 799); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" (citation omitted)).

and/or conduct a line-by-line analysis of billings.[23]  "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[24] The court need not explicitly calculate the lodestar to make a reasonable award.[25]

Plaintiff seeks to recover 7.82 hours for drafting, revising, and filing the motion to compel and for preparing and attending oral argument. *See* ECF No. 109-1 at 4-7; No. 109-5.  The request reflects the exercise of billing judgment as counsel has not charged for an additional 2.2 hours.  ECF No. 109-5.  However, a review of the uncharged time reflects clerical/non-legal time (and thus non-chargeable).  ECF No. 109-5.  Further, while counsel notes he charged travel time at 50%, travel time is allowed at 50% of the normal rate when no work is performed,[26] and thus does not fall within the exercise of billing judgment.

Despite Plaintiff's counsel's reductions, the court finds that the 7.82 hours requested, although related to the motion to compel,[27] is somewhat excessive.  The Court finds that a further reduction of the hours spent is necessary.  Accordingly, Plaintiff shall be compensated for 7 hours in total at the hourly rate of $400 per hour, resulting in a fee award of $2,800 for fees incurred with the drafting, filing and arguing the motion to compel.

### C. **Adjusting the Lodestar**

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

---

[23] *See Fleming v. Elliot Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).

[24] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (quotation and citations omitted).

[25] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500–01 (5th Cir. 2001) (citing *Wegner,* at 822-23).

[26] *See, e.g.*, *Watkins*, 7 F.3d at 459.

[27] *Leblanc v. Fed Ex Ground Package Sys., Inc.*, No. 19-13274, at *3 (E.D. La. Apr. 12, 2021) (citations omitted) (awarding costs for time spent in preparing and filing motion as well as required Rule 37 conference); *see also Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

## III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Richard Neyland's Motion for Attorneys' Fees (ECF No. 109) is GRANTED IN PART AND DENIED IN PART.  Plaintiff is awarded reasonable attorneys' fees in the amount of $2,800.00.

New Orleans, Louisiana, this ___20th___ day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE