**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICHARD NEYLAND, ET AL**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 23-1773**

**SUSAN HUTSON, ET AL**                                 **SECTION "B" (2)**

## ORDER AND REASONS

Before the Court are defendant Wellpath, LLC's Motion for Summary Judgment (Rec. Doc. 90), plaintiff's Opposition (Rec. Doc. 93), and Wellpath's Reply (Rec. Doc. 100). Also before the Court is Wellpath, LLC's Motion for Expedited Consideration (Rec. Doc. 112). For the following reasons,

**IT IS ORDERED** that Wellpath's Motion for Summary Judgment (Rec. Doc. 90) be **GRANTED**, **subject to reconsideration** upon plaintiff's timely filing of a clarifying order from the Bankruptcy Court for the Southern District of Texas that it may maintain this action against Wellpath, LLC in any capacity, including as a nominal defendant and other authorized purposes.

**IT IS FURTHER ORDERED** that Wellpath's Motion for Expedited Consideration (Rec. Doc. 112) is **DENIED AS MOOT**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This opinion addresses whether plaintiff's tort and wrongful death claims against Wellpath, LLC ("Wellpath"), must be dismissed pursuant to a bankruptcy court's order enjoining suits seeking recovery for pre-bankruptcy claims. Plaintiff asserts that Wellpath and its employees, charged with providing medical care to inmates at the Orleans Justice Center ("OJC"), are responsible for the June 12, 2022 death of his son who, struggling with suicidal ideation, climbed to the top of the mezzanine at the OJC and jumped to his death. On May 25, 2023, plaintiff filed his complaint against Wellpath and other defendants, which he later amended. Rec. Docs. 1, 81.

1

On November 15, 2024, Wellpath filed for bankruptcy in the Southern District of Texas under Chapter 11 of the United States Bankruptcy Code. Rec. Doc. 90-5. On May 1, 2025, the Bankruptcy Court entered an order confirming the Chapter 11 Plan of Reorganization ("Plan") of Wellpath Holdings, Inc., and its affiliates. Rec. Docs. 90-7, 90-8. The Plan became effective on May 9, 2024. *Id*. Article IX.F of the Plan states that all "[e]ntities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined" from

> "taking any of the following actions against, as applicable, the Debtors, the Post-Restructuring Debtors, the Exculpated Parties, or the Released Parties: (1) **commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests**; (2) **enforcing, attaching, collecting, or recovering** by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests . . . and (5) **commencing or continuing in any manner any action or other proceeding** of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan; provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties."

Rec. Doc. 90-8 at 60. Notably, Article IX.F includes an opt-out provision that clarifies that the article does not apply to parties that timely opt out of the Third-Party Release to preserve their claims against Released Parties. *Id*. Plaintiff timely opted out of the third-party release by completing the third-party release form, which notes that "[b]y checking this box, the holder of the claims…elects to opt out of the third-party release and keep its claims against certain *non-debtor* parties." Rec. Doc. 93-3 at 6.

Following the effective date of the Plan, several claimants have sued Wellpath in courts across the country, seeking relief for claims asserted against Wellpath and/or the Trust. *In re Wellpath Holdings., Inc*., No. 24-90566, ECF No. 690 (Bankr. S.D. Tex. Sept. 23, 2025). In response, on September 23, 2025, Wellpath requested that the bankruptcy court "enter an Order

clarifying and enforcing the claim administration procedures and the discharge and injunction provided for under the Plan and [Trust Distribution Procedures]." *Id*. In response, the bankruptcy court pronounced in its February 2026 clarifying order that (1) holders of general unsecured claims arising from pre-petition personal injury tort or wrongful death "may proceed in the appropriate civil court and litigate such claim with the [Trust] as a nominal defendant"; (2) the Plan does not permit "any party to proceed against . . . Wellpath LLC, in any capacity, including as a nominal defendant" but allows a party to proceed only if the debtor's inclusion is necessary for seeking or maintaining insurance; (3) if the holder of a general unsecured claim attempts to litigate pre-petition claims against any debtor, including Wellpath, "all such attempts are contrary to the Plan and barred by the injunction as set forth in the Plan"; and (4) the bankruptcy court may impose monetary sanctions on claimants who proceed with their claims in violation of the bankruptcy court's order. Rec. Doc. 100-1 at 2–3.

## II.    LAW AND ANALYSIS

### A.  Standard

Summary judgment is appropriate when the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). Material in support or opposition of a motion for summary judgment may be considered if it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). An opposing party "may not rely merely on allegations or denials in its own pleadings, but must, in its response, set out specific facts showing a genuine factual dispute for trial." *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

**B. Analysis**

Plaintiff's claims against Wellpath must be dismissed. In its reply, Wellpath cited the January 26, 2026 Clarifying Order which neatly addresses the issues raised in the instant motion. Rec. Doc. 100 at 1 (citing Rec. Doc. 100-1). In Paragraph 2 of the Clarifying Order, the bankruptcy court states that "[t]he Plan does not permit any party to proceed against the Post-Restructuring Debtors or any Debtor, including but not limited to Wellpath LLC, in any capacity, including as a nominal defendant." Rec. Doc. 100-1 at 2. However, the bankruptcy court provided a limited exception: parties with pre-petition claims against a debtor could proceed "only where such

inclusion is necessary for the party to seek or maintain insurance coverage for their claim." [1] *Id*. The court then provided a procedure that claimants pursuing insurance benefits must follow to proceed with their claims against a debtor. *Id*. Plaintiff has not shown that maintaining this action against Wellpath "is necessary for the party to seek or maintain insurance coverage for their claim." *Id*. Absent such information, Paragraph 2 expressly enjoins plaintiff's claims against Wellpath.

Plaintiff's arguments to the contrary are unpersuasive. First, he argues that "ample caselaw" confirms that 524(a) "allows a creditor…to proceed against a discharged debtor on a nominal basis." Rec. Doc. 93 at 6. However, in support of his position, plaintiff cites cases that address creditors' attempts to protect their ability to recover insurance. *See In re Coho Res., Inc.*, 345 F.3d 338, 343 (5th Cir. 2003) (noting that courts are in 'near unanimous agreement" that 524(e) permits creditors to bring actions "nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer"); *see also Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) (noting that Section 524(a) does not bar a suit against a discharged debtor as a nominal defendant for the purposes of establishing "the liability of liability insurers"). Notably, the Clarifying Order likewise protects creditors' ability to recover insurance as it allows parties with pre-petition claims to proceed against a debtor if (1) the inclusion of the debtor is necessary for the party to seek or maintain insurance coverage for their claim and (2) the party follows the appropriate procedure, including requesting a court order, for pursuing their claims against said debtor. Rec. Doc. 100-1 at 2. As such, the Clarifying Order is in accord with the broad legal principles that the plaintiff has summarized. Plaintiff has not addressed whether his action is necessary to protect his ability to recover insurance.

---

[1] Paragraph 3 further explains that, if any claims have been filed against Wellpath and (a) no insurance coverage exists for such claims or (b) (i) there is an applicable SIR and (ii) such claim will not exceed the applicable SIR, the holder of such claims must substitute the Liquidating Trust as a nominal defendant in place of the Post-Restructuring Debtor in that litigation.

Second, plaintiff argues that the bankruptcy court "ruled that creditors with pending cases may proceed against Wellpath as a nominal defendant." Rec. Doc. 93 at 6. However, the Clarifying Order now makes clear that parties may not proceed against Wellpath "in any capacity, including as a nominal defendant." Rec. Doc. 100-1 at 2. If plaintiff believes there to be some inconsistency between the Clarifying Order and earlier orders, the plaintiff can request that the bankruptcy court clarify its position about these matters. *See* Rec. Doc. 100-1 at 5 (noting that the bankruptcy court "retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order, and exclusive jurisdiction with respect to any relief from the injunctions set forth in the Plan.").

Finally, plaintiff contends that Wellpath is "indispensable to the discovery process." Rec. Doc. 93 at 7. While Wellpath may be important for the discovery process, the Court is guided by the bankruptcy court's Clarifying Order, which has provided specific instruction and guidelines for how parties ought to proceed, if at all, with pursuing claims against a debtor or the Trust. *See* Rec. Doc. 100-1. No provision in the bankruptcy court's Clarifying Order notes that "indispensability to the discovery process" is a condition authorizing a claimant to pursue pre-petition claims against a debtor. *Id*.

For the foregoing reasons, Wellpath's Motion for Summary Judgment (Rec. Doc. 90) is **GRANTED**, and plaintiff's claims against Wellpath are thereby **DISMISSED**, subject to reconsideration upon plaintiff's timely filing of a clarifying order from the Bankruptcy Court for the Southern District of Texas that it may maintain this action against Wellpath, LLC in any capacity, including as a nominal defendant and other authorized purposes.

New Orleans, Louisiana, this 9th day of June 2026

_____
SENIOR UNITED STATES DISTRICT JUDGE

6